[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried at Greenwich, Connecticut on May 24, 1975. Both parties have resided in the State of Connecticut since that time. There are four minor children issue of the marriage: Justin Joseph Moore, born September 6, 1977; Jessica Kate Moore, born June 6, 1979; Jonathan James Moore, born December 8, 1980; and Jenna Lee Moore, born March 6, 1984.
The evidence presented establishes the allegation that the marriage has broken down irretrievably and judgment may enter dissolving the marriage on that ground. CT Page 10263
The court has carefully considered the criteria set forth in Conn. Gen. Statutes 46b-81, 46b-82, 46b-56 and 46b-84 in reaching the decision reflected in the orders that follow.
The parties have been married for 18 years. There are four children issue of the marriage ranging in age from 16 to nine years of age. During the course of the marriage, the plaintiff wife assumed the traditional role of homemaker, devoting herself to the raising of the parties' four children. Her last employment outside the home was 14 years ago. The plaintiff has recently obtained a license from the State of Connecticut to operate a daycare center. She presently has two children in this program and earns a net of approximately $155 per week. The plaintiff has no other skills at this time. As a result of a recent motor vehicle accident, the plaintiff has no motor vehicle at this time. The plaintiff has some residual injuries from the motor vehicle accident and does require future medical care and treatment. The plaintiff is 39 years of age. She has been under the care of a psychotherapist for counseling since March 1993 for an acute anxiety condition. The plaintiff claims this was brought on by her husband's alcoholism and sexual and emotional abuse. The plaintiff has also attended Al-Anon meetings in the past.
The defendant is 40 years of age. He has been the breadwinner of the family during the marriage. His present income at Pitney-Bowes is $54,000 per year. He earns a net of approximately $775.66 per week. The defendant is paid twice a month or 24 pay periods per year. His employer testified that employees are considered for a merit increase in pay in February of each year. The defendant's last increase in pay was in February 1993.
The defendant denied any alcoholism on his part. He has been employed at Pitney Bowes for 19 years and is presently a project coordinator.
The plaintiff claims the marriage was an unhappy one for several years. Unfortunately, the parties were unable to resolve their marital difficulties. Sufficient evidence was presented to indicate that the marriage between the parties has broken down irretrievably. No useful purpose would be served by a review of the evidence presented. The greater fault for the breakdown of the marriage is attributed to the defendant.
The following orders shall enter: CT Page 10264
A. Real Estate
1. The plaintiff shall have sole and exclusive use and occupancy of the marital home located at 266 Meadow Street, Shelton, Connecticut.
2. When the youngest child reaches the age of 18 years, the marital home shall be placed on the market for sale and shall be sold forthwith.
3. The defendant shall be responsible for the mortgage, taxes and homeowner's insurance through November 30, 1993.
4. Commencing December 1, 1993, the mortgage, taxes and homeowner's insurance shall be the sole obligation of the plaintiff.
5. Upon the sale of the marital home, the plaintiff shall be entitled to a credit for the amount she has paid down on the principal of the mortgage.
6. Upon the sale of the premises, after the payment of the mortgage, real estate commission, attorney's fees and usual closing costs, the net proceeds shall be equally divided, 50% to the plaintiff and 50% to the defendant.
7. Any major capital repairs or replacements (such as a roof or furnace) shall be equally divided between the parties.
8. The court shall retain jurisdiction over any disputes with respect to the sale of the marital home.
B. Custody and Visitation
1. The parties shall have joint legal custody of the four minor children with primary physical custody to the plaintiff.
2. The defendant shall be entitled to reasonable and liberal visitation with the minor children, keeping in mind the desires and schedules of the children. Said visitation shall include visitation every other weekend, one weekday visitation from five p. m. to eight p. m., alternate holidays as the parties shall agree on and two weeks in the summer. If the parties are unable to agree on the specific dates and times for visitation, they are referred CT Page 10265 to Family Services for mediation and, if this is unsuccessfully, the parties shall return to court for a specific schedule after a hearing thereon.
3. The defendant shall not consume alcoholic beverages immediately prior to and during the visitation period with the minor children.
C. Child Support
1. The defendant shall pay to the plaintiff as child support the sum of $425 per week. This award is in conformity with the child support guidelines and is based on the defendant's net earnings of $775.66 per week.
2. Said order shall commence December 1, 1993.
3. An immediate withholding is ordered.
D. Alimony
1. Commencing December 1, 1993, the defendant shall pay to the plaintiff as alimony the sum of $75 per week. Said alimony shall be paid until the death of the plaintiff, the death of the defendant, cohabitation as defined by statute, the remarriage of the plaintiff or ten years from date, whichever event shall first occur. The court is awarding time limited alimony to enable the plaintiff to enter the business world and purse the daycare business, and obtain whatever training or skills she feels is appropriate. The time limited award will terminate shortly after the youngest child reaches the age of 18 years and when the real estate is sold.
2. An immediate withholding is ordered.
E. Medical Coverage
1. The defendant shall provide and maintain medical, dental, hospital and orthodontial coverage as is available through his employment for the benefit of the minor children.
2. Any unreimbursed medical, dental, hospital or orthodontial expense for the minor children shall be equally divided between the parties. CT Page 10266
3. The plaintiff shall be entitled to the COBRA benefits as are available through the defendant's employment. The plaintiff shall be solely responsible for the cost of said COBRA benefits. Any unreimbursed medical expense shall be the plaintiff's obligation.
F. Life Insurance
1. The defendant shall maintain life insurance in the amount of $100,000 for the benefit of the minor children and said children shall be named as irrevocable beneficiaries on said policy.
2. The defendant shall maintain life insurance in the amount of $100,000 with the plaintiff named as irrevocable beneficiary thereon for so long as the defendant has an obligation for alimony.
G. Tax Deductions
1. The defendant shall be entitled to claim the minor children as tax dependents, provided he is current with the child support payments.
H. Pension
The plaintiff shall be entitled to 50% of the defendant's Pitney Bowes Retirement Plan. A Qualified Domestic Relations Order (QDRO) shall be prepared and executed to secure the plaintiff's 50% interest in said plan.
I. Personal Property
1. The parties have agreed as to a division of certain items of personal property. With respect to the items in dispute, the defendant shall be entitled to the following:
 wedding album proofs; duplicates of the family tapes; one lawn mower; one-half Christmas ornaments — plaintiff's choice; one television — plaintiff's choice; baskets to be divided; one axe, one shovel, one rake; his sporting equipment and camping equipment; air conditioner; Lazy-Boy chair. CT Page 10267
2. The remaining items in dispute shall be the property of the plaintiff.
3. The parties shall equally divide the 28 shares of Pitney Bowes stock.
J. Debts
1. The defendant shall pay the following debts and shall hold the plaintiff harmless therefrom:
 Bridgeport Hydraulic Co. 133.20 SNET 247.70 Standard Oil 156.73 United Illuminating 262.33 Cable 70.12 Children's Medical Group 19.00 Jill Chase (Dance) 91.00 Pitney Bowes Credit Union Personal Loans Discover Card 2000.00
2. The plaintiff and defendant shall be equally responsible for the following debts:
 Drs. Crane/Kaplan/Previtt 220.00 Citibank MasterCard 3175.00 Huntington Family Dental 1372.72
 3. The plaintiff shall be responsible for the following debt: Chase MasterCard
K. Attorneys' Fees
1. The defendant shall pay to the plaintiff as counsel fees the sum of $750, payable within six months of date.
Coppeto, J. CT Page 10268